IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| v. | ) | 2:95-CR-0129-JHH-TMP |
| ANTONIO LARICE KING | ) | |

## MEMORANDUM OF OPINION REGARDING ORDER GRANTING MOTION FOR REDUCTION OF SENTENCE

The movant, acting *pro se*, filed the above-styled motion, on March 24, 2008, asking that this court reduce his sentence pursuant to 18 U.S.C. § 3582 effective November 1, 2007 and made retroactive by USSG §1B1.10, effective March 3, 2008. The court finds by separate order that the motion for reduction of sentence should be GRANTED.

In May 2007, the U. S. Sentencing Commission (U.S.S.C.) submitted a group of proposed amendments to the Sentencing Guidelines as they have done annually since 1987. One of these amendments, number 706, represented the U.S.S.C.'s attempt to mitigate the sentencing disparity for defendants convicted of crack cocaine offenses as opposed to powder cocaine offenses. In the absence of congressional action to amend the 100:1 ratio found in the Title 21 statutes, the U.S.S.C. proposed a method to reduce the

potential sentences by lowering the applicable guidelines for quantities of crack by two levels, thereby creating a ratio ranging from about 25:1 to about 80:1 within the Guidelines framework.

All of the proposed amendments, including the crack amendment, became effective on November 1, 2007.[1]  Then in December 2007, following a period of public discussion, the U.S.S.C. decided to make the crack amendment retroactive.  The effective date for retroactive application of the crack amendment became March 3, 2008.  The U.S.S.C. also amended Guideline § 1B1.10 to include the crack amendment (hereinafter referred to as "the amended policy statement").  As such, as of March 3, 2008, the crack amendment and amended policy statement apply to all relevant sentences, old and new. All of this was done pursuant to the U.S.S.C.'s authority found at 28 U.S.C. § 994(u) and 18 U.S.C. § 3582(c).

With that background, the court now turns to the current motion (Doc. #1660) of Antonio Larice King to modify his term of imprisonment under 18 U.S.C. § 3582(c)(2).  The motion seeks the benefit of the crack amendment

---

[1]  At this point, the crack amendment had no retroactive application.

and the amended policy statement. The focus of the § 3582(c)(2) motion is the 235-months sentence imposed upon movant under Count 2 which charges 24 persons with a long-running conspiracy under 21 U.S.C. § 846 to violate 21 U.S.C. § 841.  The conspiracy was largely a "family business" utilizing a number of persons outside the family to help market the cocaine base.  Movant King was a relatively minor participant in a very serious and dangerous enterprise (numerous defendants received lifetime sentences), charged only in Count 2 (the General conspiracy count) of the 133 count indictment.  King pled guilty to the Count 2 conspiracy charge, and he was sentenced on May 30, 1996.  At the time the movant was sentenced, he, along with most of the other defendants under Count 2, was attributed with conspiracy to possess with intent to distribute in excess of 1.5KG of cocaine base (crack).   The 1995 guidelines manual set the base offense level for this amount of crack cocaine at level 38.

The following chart sets forth the application of the crack amendment to  the instant case:

|  | <u>**Original Sentence**</u> | <u>**Retroactive Sentence Adjustment**</u> |
|---|---|---|
| **Total Offense Level** | 36 | 34 |
| **Criminal History Category** | III | III |
| **Imprisonment Range** | 235 - 293 months | 188-235 months |
| **Departure** | n/a | n/a |
| **Sentence Imposed** | 235 months | 188 months |
| **Rule 35(b)/Remand** | n/a | n/a |
| **Designated Institution** |  |  |
| **Institutional Adjustment** |  |  |
| **Projected Release Date** | 8/11/2012 | September 2008 |

A review of the sentencing issues now confronting this court includes, but is not limited to, the following:

1. the movant was originally sentenced to the bottom of the correctly-computed guidelines range 235 months;

2. as computed in accordance with the amended guideline, the bottom of the range is 188 months;

3. deferring to the Bureau of Prisons Designation and Computation Center, this court believes that by granting the movant's motion for a

4

reduction in his sentence, the movant's projected release date could be as early as September, 2008, thereby creating urgency in this court's actions as well as those of the BOP; and

4.    While movant's Sentry report indicates several relatively minor infractions during the past 10 years, they, together with movant's criminal history as reflected in the presentence report, do not indicate that there are public safety issues raised by his release at an earlier date.

Pursuant to U.S.S.G § 1B1.10 (b), this court finds that the movant is eligible for consideration for a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(2) and concludes that the crack amendment applies to the circumstances of the movant.  Furthermore, this court concludes that the movant would have been sentenced at the low end of the offense level had the crack amendment been in effect at that time.

Therefore, in light of these considerations and after considering the factors set forth in 18 U.S.C. § 3553(a), this court hereby finds that the sentence in count two should be reduced to a term of **188 months**. In so doing, the court finds that the movant has not overserved the original sentence, and, thereby, specifically retains all options for re-sentencing the movant in the future event that he appears before this court pursuant to a petition for revocation of supervised release.  The 60-months supervised

release term imposed at sentencing begins immediately upon movant's release from custody.

In the event that movant's protracted release is materially sooner than September 2008, the court further finds that the movant's release from custody should be stayed for a period of ten (10) days from the date of the order so that the Bureau of Prisons can satisfy its statutory and regulatory requirements.

A separate order will be entered.  Movant's attention is directed to the "Notice Concerning Appeals" set out below.

## NOTICE CONCERNING APPEALS

A § 3582(c) motion is considered a continuation of the criminal proceeding.  A notice of appeal must be filed within ten days from the entry of the judgment or order being appealed.  See *United States v. Fair*, 326 F.3d 1317, 1318 (11th Cir. 2003); *United States v. Starks*, 2008 WL 351386 (11th Cir. 2008); *Fed.R.App.P.* 4(b)(1)(A)(i).  If the movant was represented by appointed counsel in the Northern District of Alabama at trial or on appeal, movant will not be required to file a new application to proceed *in forma pauperis* on appeal from the denial of the § 3582(c)(2) motion.  That status will be granted for appeal purposes.  If movant was represented by counsel at trial or on direct appeal but believes he is now unable to afford counsel,

movant should file an application to proceed *in forma pauperis* (accompanied by a certified copy of prison account statements for the last six months) when a notice of appeal from the denial of the § 3582(c)(2) motion is filed.  The Clerk is DIRECTED to provide the movant with an application to proceed *in forma pauperis*.

    **DONE** this the ___14th___ day of May, 2008.

                                        */s/ James H. Hancock*
                                        SENIOR UNITED STATES DISTRICT JUDGE